## Stroud's Estate

J. Dress Pannel, for petitioner; Caldwell, Fox & Stoner, contra.

Fox, J., December 26, 1934.—We have before us a rule granted upon the petition of the Metropolitan Life Insurance Company, upon the Keystone Trust Company, administrator of the estate of Samuel Stroud, late of the City of Harrisburg, deceased, to show cause why the final decree of the Orphans' Court made and entered on January 9, 1934, decreeing the presumption of death of Anna Stroud as of July 22, 1931, should not be vacated and set aside.

The facts as disclosed by the pleadings show that Samuel Stroud was insured by the petitioner for the rule in a group policy No. 3323-G in the sum of $2,000, and that he was at the time an employe of the Pennsylvania Power and Light Company; that letters of administration were taken out upon his estate; that the beneficiary named in the policy was Anna Stroud who was the mother of the said insured; and that the policy amongst other things provided: "In the event of the death of any beneficiary, prior to that of the employee, the interest of such beneficiary shall vest in the employee by whom he was designated. If there be no designated beneficiary at the time when any insurance hereunder shall be payable to the beneficiary, then such insurance shall be payable as follows:

"To the wife or husband, if living, of such employee; if not living, to the children of such employee who survive such employee, equally; if none survive, to the father and mother of such employee, equally, or to the survivor; if neither survive such employee, to the estate of such employee."

The evidence discloses that the insured was unmarried, did not have children, he lived in the City of Harrisburg and died on July 23, 1932; that the Keystone Trust Company on August 19, 1933, presented a petition to the court in which it averred the evidence of said insurance; the death of the insured; that he died without leaving wife or children; that the said Anna Stroud had not been heard from since July 1, 1924 and that the last communication concerning her which the said administrator had, was that she was living in the West Indies; that a diligent search had been made therein and she was not found. It asked the court to decree a presumption of the death of the said Anna Stroud. A hear-

ing was ordered and had on October 2, 1933, notice thereof being published during the period of time as required by the act of assembly. After hearing the court found that the presumed death of the said Anna Stroud arose on July 22, 1931, and ordered publication as required by the act of assembly, requiring the said Anna Stroud if alive to produce satisfactory evidence of her continuation in life and stating that if such evidence was not produced within 12 weeks from the date of the last publication of notice, the decree of death of the presumed decedent would be made absolute on January 9, 1934, which decree on that date was made absolute.

The substance of the reasons for the rule are that the said insurance company, the petitioner, was advised by counsel that such final decree of the presumption of the death aforesaid was not binding nor conclusive in any respect in any other proceeding in law or in equity and particularly not admissible in itself as competent evidence of the death of the alleged absentee, Anna Stroud, in the proceedings pending in the Court of Common Pleas of Dauphin County; that the said insurance company believing that such decree had no probative value and was not in itself relevant and competent evidence of the prior death of the alleged beneficiary, did not file any protests against nor interpose any objections to the final decree of the presumption of death; that in the original petition for the decree of the presumption of death there was a failure to set forth specifically jurisdictional facts, viz.: that the said Anna Stroud, a non-resident, had the greater part of her property in the State of Pennsylvania or County of Dauphin, and that the evidence presented at the hearing utterly failed to establish any domicile or temporary sojourn within the State of Pennsylvania at any time whatsoever; and that there was any definite domicile within any city, town or other municipal division of the island of Jamaica, where she is alleged to have maintained her last place of residence; or any disappearance from her last place of domicile in Jamaica and the knowledge of any of the residents thereof, who were acquainted with the absentee, for a period of 7 years or more; or that any part of her property was within the State of Pennsylvania or the County of Dauphin.

An answer was filed to the rule, the substance of which is that there has been no change of the fundamental law or by court decision and if the petitioner was incorrectly advised by counsel that fact cannot go in derogation of respondent's rights; that the petitioner had ample notice of the proceedings complained of and particularly by registered letter sent to the petitioner on August 16, 1933 by the attorney for the petitioner in the matter of the presumption of death of the said Anna Stroud; that the said insurance company, having had notice of the above-mentioned proceedings, as is shown by exhibits "A" and "B" which are not denied, and due time to appeal from our decree before the presentation of the petition for this rule, is not now entitled to disturb the same.

We are of opinion that the first reason for the rule is without merit.

In the answer to the rule the petitioner was fully informed of the proceedings and it involved the insurance policy aforesaid; it neither entered an appearance nor did it attend the hearing. It had constructive notice of the final decree and yet permitted the time for appeal to expire and thereafter months passed before it presented its petition for the rule.

Wherefore we are of the opinion that the rule should be discharged.

And now, December 26, 1934, upon due consideration the rule is discharged at the cost of the petitioner.